FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 5 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00195-BNB

JASON C. GOODES,

    Applicant,

v.

DAVID M. ZUPAN, Warden, FLCF, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Jason C. Goodes, initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Goodes was a prisoner in the custody of the Colorado Department of Corrections at the Fort Lyon Correctional Facility in Fort Lyon, Colorado, when he initiated this action. He currently resides in Canada following his removal from the United States. On April 22, 2011, Mr. Goodes filed an amended habeas corpus application on the proper form (doc. #5). Mr. Goodes is challenging the validity of his conviction and sentence in Elbert County District Court case number 99CR25.

On April 26, 2011, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On May 2, 2011, Magistrate Judge Craig B. Shaffer entered an order

granting Respondents leave to file a motion to dismiss that raises only the affirmative defense of timeliness. The motion to dismiss (doc. #9) was filed on April 29, 2011. On May 18, 2011, Mr. Goodes filed a response to the motion to dismiss (doc. #11).

The Court must construe the amended application and other papers filed by Mr. Goodes liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will grant the motion to dismiss and dismiss the action as untimely.

Mr. Goodes agreed to plead guilty to one count of aggravated robbery. He was sentenced to fourteen years in prison and five years of mandatory parole. On March 26, 2001, his sentence was affirmed on appeal. Mr. Goodes did not seek review in the Colorado Supreme Court on direct appeal.

On September 21, 2001, Mr. Goodes filed in the trial court a postconviction motion for reduction of sentence pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure. On March 7, 2005, the trial court denied the Rule 35(b) motion. Mr. Goodes did not appeal from the denial of the Rule 35(b) motion.

On October 27, 2005, Mr. Goodes filed in the trial court a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure and a separate motion to correct an illegally aggravated sentence. On November 23, 2005, the trial court denied both motions. Mr. Goodes did not appeal from the trial court's November 23, 2005 order.

On May 5, 2008, Mr. Goodes filed in the trial court another postconviction motion

challenging the validity of his guilty plea and sentence. The state court proceedings relevant to the postconviction motion filed on May 5, 2008, were pending until January 19, 2010, when the Colorado Supreme Court denied Mr. Goodes' petition for writ of certiorari.

Mr. Goodes filed the instant action on January 26, 2011, asserting two claims for relief. Mr. Goodes first claims that the terms of his plea agreement were violated because, although he agreed to a sentencing cap of fourteen years, the actual sentence imposed includes a prison term of fourteen years and an additional period of mandatory parole for five years that, when combined, total nineteen years and exceed the sentencing cap. Mr. Goodes alleges in his second claim that his guilty plea was not voluntary and that counsel was ineffective because neither the trial court nor counsel advised him of the immigration consequences of his guilty plea.

Respondents argue in their motion to dismiss that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the

3

> Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondents specifically contend that the one-year limitation period began to run in May 2001 when Mr. Goodes' conviction became final and that, although the state court postconviction motions Mr. Goodes filed in September 2001 and October 2005 tolled the one-year limitation period, the one-year limitation period expired before Mr. Goodes filed the May 2008 state court postconviction motion.

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Goodes' conviction became final. Because Mr. Goodes did not file a petition for writ of certiorari to the Colorado Supreme Court on direct appeal after the Colorado Court of Appeals affirmed his sentence on March 26, 2001, his conviction and sentence became final when the time for filing a petition for writ of certiorari expired. Pursuant to Rule 52(b)(3) of the Colorado Appellate Rules, Mr. Goodes had forty-six days to seek certiorari review in the Colorado Supreme Court. Therefore, the Court finds that the judgment of conviction in the criminal case Mr. Goodes is challenging was final on May 11, 2001.

The Court also finds that the one-year limitation period began to run on May 11,

2001, because Mr. Goodes does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and there is no indication that he did not know and could not have discovered the factual predicate for his claims before his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(B) - (D).

The next question the Court must answer is whether any of the state court postconviction proceedings Mr. Goodes initiated tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." ***Artuz v. Bennett***, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

***Habteselassie v. Novak***, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law. *See **Gibson v. Klinger***, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust

state court remedies with regard to a particular post-conviction application." **Barnett v. Lemaster**, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." **Gibson**, 232 F.3d at 804.

As noted above, Respondents concede that the postconviction motions Mr. Goodes filed in September 2001 and October 2005 tolled the one-year limitation period pursuant to § 2244(d)(2). To reiterate, Mr. Goodes filed a Rule 35(b) motion on September 21, 2001, that was denied on March 7, 2005, and he filed two more state court postconviction motions on October 27, 2005, that were denied on November 23, 2005. Although Mr. Goodes did not appeal from either of these orders, the one-year limitation period was tolled until the time for filing a notice of appeal expired, which was forty-five days later. **See** Colo. App. R. 4(b). Therefore, the one-year limitation period was tolled pursuant to § 2244(d)(2) from September 21, 2001, until April 21, 2005, when the time for filing an appeal from the trial court's March 7, 2005 order expired, and again from October 27, 2005, until January 9, 2006, the first business day after the time for filing an appeal from the trial court's November 23, 2005 order expired.

Despite the fact that the one-year limitation period was tolled for these periods of time, all of the time during which no state court postconviction proceedings were pending counts against the one-year limitation period. As a result, the approximately four-month period from May 11, 2001, until September 21, 2001, and the approximately six-month period from April 22, 2005, until October 27, 2005, both count against the

6

one-year limitation period. As a result, when the one-year limitation period began to run again on January 9, 2006, after these two tolling periods ended, only about two months of the one-year limitation period remained.

As noted above, Mr. Goodes filed another state court postconviction motion more than two years later on May 5, 2008. The Court agrees with Respondents that because only about two months of the one-year limitation period remained as of January 9, 2006, the one-year limitation period expired long before Mr. Goodes filed the May 2008 state court postconviction motion. Therefore, the state court postconviction motion Mr. Goodes filed in May 2008 did not toll the one-year limitation period pursuant to § 2244(d)(2). *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that properly filed state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period).

Mr. Goodes argues in his response to the motion to dismiss that this action is not time-barred and that it was filed nine days before the one-year limitation period expired. He bases this argument on the following facts: the Colorado Supreme Court denied his petition for writ of certiorari in the most recent state court postconviction proceedings on January 19, 2010; the Colorado Court of Appeals issued its mandate in the most recent state court postconviction proceedings on February 4, 2010; none of the state court postconviction proceedings were denied as untimely; and the instant action was filed on January 26, 2011, which he contends was nine days before the one-year limitation period expired on February 4, 2011. The Court rejects this argument because the fact that the state court proceedings relevant to the postconviction motion Mr. Goodes filed on May 5, 2008, may have been timely under state law does not trigger a new one-year

limitation period for the purposes of filing a habeas corpus action in federal court. As explained above, the one-year limitation period commenced in 2001 when the judgment of conviction in Mr. Goodes' criminal case became final and was tolled only for those periods during which a properly filed state court postconviction motion was pending.

Furthermore, even under Mr. Goodes' analysis, the Court still would find this action untimely because the one-year limitation period was tolled only until the Colorado Supreme Court denied his petition for writ of certiorari on January 19, 2010, and not until February 4, 2010, when the Colorado Court of Appeals issued its mandate. **See Barnett**, 167 F.3d at 1323 (finding that postconviction motion tolled the one-year limitation period from the day it was filed until the state supreme court denied certiorari review); **see also Serrano v. Williams**, 383 F.3d 1181, 1185 (10th Cir. 2004) (refusing to extend tolling period for postconviction motion to the date the mandate issued). As a result, the instant action, which was filed on January 26, 2011, still would be seven days too late.

For all of these reasons, the Court finds that this action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. **Holland v. Florida**, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if Mr. Goodes shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. **Pace v. DiGuglielmo**, 544 U.S. 408, 418 (2005); **see Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also

may be appropriate if the inmate actually is innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. **See Gibson**, 232 F.3d at 808. However, simple excusable neglect is not sufficient to support equitable tolling. **See id.** Furthermore, in order to demonstrate he pursued his claims diligently, Mr. Goodes must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" **Yang v. Archuleta**, 525 F.3d 925, 930 (10th Cir. 2008) (quoting **Miller**, 141 F.3d at 978). In the rare and extraordinary case in which a habeas petitioner can demonstrate equitable tolling is appropriate on actual innocence grounds, the petitioner is not required to demonstrate he diligently pursued the actual innocence claim. **Lopez v. Trani**, 628 F.3d 1228, 1230-31 (10th Cir. 2010).

Mr. Goodes fails to allege any facts that might justify equitable tolling of the one-year limitation period. He does not allege that he is actually innocent, that he has been pursuing his claims diligently, or that some extraordinary circumstance prevented him from filing the instant action in a timely manner. Therefore, the application will be denied as barred by the one-year limitation period. Accordingly, it is

ORDERED that Respondents' motion to dismiss (doc. #9) filed on April 29, 2011, is granted. It is

FURTHER ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __25th__ day of __May_____, 2011.

BY THE COURT:

        s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00195-BNB

Jason C Goodes
Prisoner No. 104492
c/o Cyril and Susan Goodes
5047 Cedar Way
Elizabeth, CO 80107

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on May 25, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk